MARTÍNEZ, DEMANDANTE Y APELANTE, *v.* ECHANDÍ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre reivindicación y daños.

No. 2706.—Resuelto en diciembre 5, 1922.

REIVINDICACIÓN—PARTICIÓN—DIVISIÓN ENTRE HEREDEROS—MENORES DE EDAD.—
Cuando entre los herederos existen menores de edad, no puede dividirse váli-

damente por los herederos mayores una finca poseída en común. La ley fija el procedimiento que debe seguirse en tal caso.

ID.—DERECHOS HEREDITARIOS.—Heredada una finca por tres hermanos, uno de ellos murió, sucediéndole sus hijos menores de edad. En tal estado, privadamente, se dividió la finca y a cada heredero se entregó su porción. Uno de los herederos mayores de edad, de la porción que le entregaron, vendió seis cuerdas. El otro heredero mayor de edad intervino en el contrato y se mostró conforme con la venta. Pasaron los años y otra persona, el demandante, con conocimiento de todo lo ocurrido, adquirió los derechos hereditarios de los tres hermanos y reclamó para sí del comprador, el demandado, las seis cuerdas de que se ha hecho mérito. *Se resolvió:* que si bien la venta de las seis cuerdas fué nula en su origen, sólo tenía el demandante derecho a reclamar la porción que correspondía a los menores, o sea, una tercera parte indivisa, pues los herederos mayores estaban impedidos de reclamar y nada, por tanto, pudieron transmitirle.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Mercader.*

Abogado del apelado: *Sr. A. Lens Cuena.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Remigio Martínez Badía demandó a Francisco Echandí en reivindicación de cierta porción de terreno y reclamación de daños y perjuicios. Alegó que era dueño de una finca rústica de ciento treinta cuerdas, situada en el barrio de Florida Adentro de Barceloneta, y que una parte de ella— seis cuerdas—estaba poseída por el demandado sin título y con ánimo de apropiársela.

El demandado aceptó en su contestación que el demandante era dueño de la finca de ciento treinta cuerdas descrita en la demanda y negó las demás alegaciones de ésta, afirmando que la finca de seis cuerdas que posee la adquirió por compra a Ramón Lourido en 1908.

Fué el pleito a juicio. Ambas partes practicaron su prueba y la corte dictó sentencia finalmente declarando sin lugar la demanda. El demandante apeló entonces para ante este tribunal.

Admitido por el demandado que el demandante es dueño de la finca de ciento treinta cuerdas a que se refiere la demanda, es necesario dejar por establecido dicho hecho.

La prueba es complicada con respecto a otros extremos comprendidos en el pleito. No hay duda alguna que las seis cuerdas en disputa pertenecieron antiguamente a Francisco Lourido de la Riva. También las ciento treinta. Se admite el origen común.

Tampoco hay duda de que muerto Lourido pasaron sus bienes a sus herederos. Estos eran sus tres hijos: Francisco, Ramón y Manuel. Hubo disputas entre ellos. Al fin lograron ponerse de acuerdo. Un agrimensor dividió materialmente la finca y a Ramón le correspondieron ciento y pico de cuerdas de las cuales se posesionó y pagó contribución aisladamente. Pero cuando esa división material de las tierras pertenecientes a la sucesión se hizo, el heredero Francisco, hermano de Ramón y de Manuel, había ya muerto, y le habían sucedido sus hijos, algunos de los cuales eran menores de edad. De ahí que el demandante sostenga, con razón a nuestro juicio que la división practicada está viciada de nulidad y que la finca continuó perteneciendo a la sucesión sin que niguno de sus miembros pudiera disponer de una parte separada de ella.

¿Cómo se posesionó el demandado de las seis cuerdas?

En la propia demanda se alega que hacía quince años dichas seis cuerdas fueron entregadas al demandado por los llamados albaceas de Francisco Lourido de la Riva y su esposa para que con su usufructo se cobrara una suma que le debía la sucesión y el demandado se adueñó de ellas y se negó a entregarlas no obstante los requerimientos que se le hicieron. Y declarando en el juicio, el propio demandante se expresó así:

"P. Cuando adquirió esa finca tuvo algún conocimiento con respecto a la posesión de Echandi, se le aclaró el punto?—Sí, señor; me dijeron que había una parcela que tenía Echandi la cual le habían dado en garantía de un dinero que había facilitado para el pago de las contribuciones.—P. ¿No sabe en qué garantía se la dieron?—Que la usufructuara en lo que ellos devolvían el dinero, y entonces fuí a donde Echandi: Ud. tiene una parcela de cinco o seis

cuerdas, la sucesión le debe un pico y dígame la cantidad que es para devolverla, y me dijo entonces que no, que él había comprado aquello."

La prueba del demandado tiende a demostrar que las seis cuerdas no fueron entregadas en la forma que dice el demandante, sino a virtud ·de un contrato de venta. Declarando el demandado espresó:

"P. ¿Qué le proponía él? — Que me vendía el terreno ese.— P. ¿Qué terreno?—Las cinco cuerdas ochenta centavos.—P. ¿Las que le reclaman ahora?—Sí, señor.—P. ¿Cómo fué el negocio?—El negocio fué: me dijo, la finca está embargada y van a rematarla entre tres o cuatro días por las contribuciones que debe de dos o tres años.—P. ¿De qué finca debía las contribuciones?—De las ciento una cuerdas de las que se sacaron las cinco cuerdas.—Hon. Juez. ¿Esas cinco cuerdas formaban parte de otra finca mayor?—Sí, señor; de las ciento una cuerdas que debían las contribuciones.—P. Siga—Le dije, no puedo comprar, y me dijo: si me saca de este apuro compadre, y dije, está bien, le doy el dinero y pagaré a razón de diez pesos cuerda, y dijo: como Ud. quiera, y me dijo, tengo que decirlo a mi hermano Manuel; y al día siguiente fueron los dos y dijo, aquí pasa esto ha dicho su hermano para que pague las contribuciones, cincuenta y ocho pesos.—P. ¿Aceptó la venta?—A razón de diez pesos cuerda.—P. ¿O sea cincuenta pesos?—Cincuenta y ocho pesos.—P. Siga.—Le entregué el dinero y pagó sus contribuciones, y a los pocos días vino un día de fiesta y dijo, vengo a entregarle el terreno y fué el mismo y midió con varas."

También declaró en el juicio Manuel Lourido, de setenta y dos años, uno de los hijos de Francisco Lourido de la Riva. Confirma en todo lo dicho por el demandado sobre la venta. Expresa que la finca heredada de sus padres fué dividida materialmente posesionándose Ramón de ciento y pico de cuerdas; que se atrasó en el pago de las contribuciones y para satisfacerlas vendió a Echandi un trozo de terreno y que fué llamado para presenciar el contrato y nada tuvo que objetar. Un extremo de su declaración es así:

"P. ¿Uds. celebraron algún negocio con Remigio Martínez Badía? —Sí, señor; después de eso.—P. ¿Ud. le hizo alguna indicación a

Remigio Martínez Badía con respecto a esa parcela de Francisco Echandi?—El preguntó que qué terrenos habían vendido, que no pertenecían a la sucesión, y le hice la explicación de que había ese predio y otro predio de Ramón Pérez Gerena.—P. ¿Cuándo le advirtieron eso, antes o después de comprar él?—Antes de comprar él.— P. ¿Le explicó cómo se había efectuado el negocio?—Le hice la explicación.—P. ¿Ud. se lo explicó antes de vender?—Sí, señor.''

Hay una carta del demandado al demandante presentada por éste como prueba que permite penetrar en la verdad de lo ocurrido en este caso; dice así:

''Manatí, P. R., 9 de Sebre. de 1920.—Sor. Don Remigio Martínez Badía, Arecibo.—Estimado amigo: Recibí tu muy atta. la que me haces referencia en la del 7 del cte. la que te contesto con gusto. Tú sabes que hace 16 o 18 años que estoy en posesión del terreno que me vendieron los Louridos, no del número de cuerdas aunque me entregaron medido y con puntos, creo son algo menos de lo comprado, todo ese tiempo nadie me ha dicho nada, he estado pacífica posesión, si esos Sres. me vendieron sin tener derecho pa. ello, en ese caso no sólo me engañaron a mí sino también al Tesorero de Pto. Rico; no te acuerdas que tratamos algo de esta venta, cuando estubistes en la oficina de Plazuela Sugar en San Juan, a redimir el remate, como apoderado de los Louridos hecho por contribuciones, así es que puede ser como tú me dices que estés dentro de la ley, pero bien sabes que mi derecho es innegable entre caballeros, por lo tanto creo lo más combeniente tanto pa. ti como para mí, someter a decisión de 4 amigos de ambos pa. que decidan, dígame si te parece bien, con esto en nada nos perjudicamos ni tú ni yo, pues tienen responsabilidad mi bendedores que también son parte de los tuyo.—Tu affmo. amigo (firmado) Franco. Echandi.''

Investigando el título del demandado con respecto a la finca que posee, es necesario reconocer su debilidad. Ramón Lourido no podía vender una porción separada de la gran finca que pertenecía tanto a él como a sus hermanos. Pero de todos modos había ya vendido cuando transmitió sus derechos y acciones al demandante, estando por tanto impedido de volver sobre sus propios actos. Nada en relación con las

seis cuerdas pudo el demandante adquirir de él o de sus herederos.

Igual ocurre con respecto al otro hermano Manuel. El acepta la validez de la venta y dice que cuando a su vez vendió sus derechos y acciones a la herencia de sus padres al demandante le advirtió lo sucedido en relación con las tierras poseídas por Echandi.

Sólo resta el derecho de los herederos de Francisco Lourido, otro de los hijos de Francisco Lourido de la Riva. El título del demandante fué admitido en la contestación y como el demandante es dueño de los derechos y acciones de los herederos de Francisco y éstos eran dueños de una tercera parte indivisa de las seis cuerdas, esa parte debe reconocerse al demandante. *Capó* v. *Fernández*, 27 D. P. R. 715.

La sentencia, en tal virtud, debe ser revocada y declararse con lugar la demanda en cuanto a la tercera parte indivisa de que se deja hecho mérito. En cuanto a los frutos reclamados, la prueba no aporta una base segura para concederlos. Dadas las circunstancias concurrentes, cada parte pagará sus costas.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.